STEPHEN W. ANDERSON *versus* NATHANIEL H. SWETT.

Under the Militia Act of 1834, c. 121, no penalty is incurred by a private for disorderly conduct while with the company on duty *after sunset*, unless in time of war, or public danger, or for choice of officers.

The vote of a majority of the members of a militia company to continue on duty at a company training until after sunset, cannot alter the law, or affect the rights of the other members.

ERROR to reverse a judgment of a justice of the peace, imposing a fine upon Anderson for disturbing the company of which he was a private, and showing contempt to the officers thereof by loud talking, while the company was under arms for improvement in military acts and exercise, on Sept. 21, 1842.

One of the seven errors assigned was, that it appeared by the record of the justice, that at the time when the alleged disturbance and contempt took place, if any occurred, it was after sunset.

The facts sufficiently appear in the opinion of the Court.

*W. P. Fessenden*, for the plaintiff in error.

*Codman & Fox*, for the original plaintiff.

The opinion of the Court was drawn up by

SHEPLEY J. — The original suit was instituted in the name of the defendant in error, as clerk of a company of militia, against the plaintiff in error to recover a forfeiture alleged to have been incurred by disorderly conduct while on duty. The original defendant contended, that he was not legally on duty, when the alleged offence was committed.

The act of 1834, c. 121, § 21, provided, that no private should be compelled to perform any duty in the militia after sunset except in time of war, or public danger, or for choice of officers. The case did not come within either of the exceptions. And the commander of the company could not legally detain the private or require the performance of duty from him after sunset. By the twentieth article of the forty-fourth section the forfeiture is incurred only for misconduct

" while under arms or when on duty." And the private after sunset could not be considered as legally under arms or on duty. The vote of a majority of the members of the company could not affect his rights. They were not clothed with authority to suspend or alter the law.

The record exhibits the testimony introduced to prove, that the alleged disorderly conduct occurred before, and that it occurred after sunset. If the magistrate had decided, that it occurred before or after sunset, his decision upon the fact would have been conclusive. Instead of making such a decision, the record states, that he considered " the proof about the sun being down was so conflicting, that it was doubtful, whether it was down or not." And that he expressed an " opinion, that the said defendant would have been holden under all the circumstances, even if the sun had been down." The burden of proof being upon the original defendant to establish, that by the lapse of time he had become released from the further performance of military duty on that day, he would remain liable and might incur the forfeiture, unless he had established the fact, that the alleged disorderly conduct occurred after sunset. And if the magistrate had decided on this ground, that the forfeiture had been incurred, there would have existed no legal cause of complaint. But the decision appears in effect to have been, that it was unimportant, that he should decide, whether the disorderly conduct occurred before or after sunset, because the defendant must be found guilty, if the proof should establish the fact, that it occurred after sunset. And the error consisted in coming to the conclusion, that such a fact, if proved, would not excuse the defendant or prevent his incurring the forfeiture. There is reason to believe, if he had not acted under this erroneous impression, that the judgment might have been different. It is not necessary to consider the other errors assigned.

*Judgment reversed.*